# NO. 12-15-00298-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES DAVID HAYNES,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

James David Haynes appeals his conviction for felony theft. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of theft, a state jail felony. The indictment included a jurisdictional paragraph, alleging that Appellant had been previously convicted twice for theft.[1] The indictment also included two felony enhancement paragraphs.[2] Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including a

---

[1] An offense of theft is a state jail felony if the value of the property is less than $1,500.00 and the defendant has been previously convicted two or more times of any grade of theft. Act of May 29, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3301, 3310 (amended) (current version at TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2015)).

[2] If it is shown on the trial of a state jail felony that the defendant has previously been finally convicted of two felonies other than a state jail felony, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.425 (West Supp. 2015).

stipulation in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case. Appellant also pleaded "true" to the jurisdictional paragraph and "true" to the enhancement paragraphs. The trial court accepted Appellant's plea, found the jurisdictional paragraph to be "true," adjudged Appellant guilty of felony theft, and found the enhancement paragraphs to be "true." The trial court assessed Appellant's punishment at fourteen years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[3] *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw in the case. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw, and ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for

---

[3] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

discretionary review.  *See* ***In re Schulman***, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing was overruled by this court.  *See* TEX. R. APP. P. 68.2(a).  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2016**

**NO. 12-15-00298-CR**

**JAMES DAVID HAYNES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0972-15)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*